# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | |
|---|---|
| FIRST NATIONAL BANK OF IZARD COUNTY | PLAINTIFF |
| VS. NO. 1:15-CV-5-BD (Lead Case) | |
| EVERGREEN PROCESSING, LLC F/K/A B & H RESOURCES, LLC; NORTHSTAR FARMS, LLC; JOHN P. HARDY; CELTIC BANK; HELEN BARTMESS AND GIBSLAND BANK & TRUST CO. A/K/A GIBSLAND BANK & TRUST, N.A. | DEFENDANTS |
| CELTIC BANK | THIRD-PARTY PLAINTIFF |
| VS. | |
| HAYNESVILLE SHALE RENTALS, LLC; ARK-LA-TEX LEASING, LLC; ENERGY RENTALS & LEASING, LLC; ELITE COIL TUBING SOLUTIONS, LLC; HARDY ENERGY SERVICES, INC. AND JAMES P. HARDY, JR. | THIRD-PARTY DEFENDANTS |
| GIBSLAND BANK & TRUST CO. A/K/A GIBSLAND BANK & TRUST, N.A. | COUNTER-CLAIMANT |
| VS. | |
| FIRST NATIONAL BANK OF IZARD COUNTY | COUNTER-DEFENDANT |
| GIBSLAND BANK & TRUST CO. A/K/A GIBSLAND BANK & TRUST, N.A. | CROSS-CLAIMANT |
| VS. | |
| JOHN P. HARDY, CELTIC BANK AND HELEN BARTMESS, INDIVIDUALLY, AND AS EXECUTRIX OF THE ESTATE OF GEORGE BARTMESS, DECEASED | CROSS-DEFENDANTS |

**GIBSLAND BANK & TRUST CO. A/K/A**
**GIBSLAND BANK & TRUST, N.A.**                                **THIRD-PARTY PLAINTIFF**

**VS.**

**NORTHSTAR FARMS, LLC**                                            **THIRD-PARTY DEFENDANT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**CELTIC BANK**                                                                         **PLAINTIFF**

**VS.**                                      **NO. 1:15-CV-78-BD**
                                                     **(Member Case)**

**HAYNESVILLE SHALE RENTALS,**
**LLC; EVERGREEN PROCESSING,**
**LLC; FIRST NATIONAL BANK OF**
**IZARD COUNTY AND HELEN**
**BARTMESS, INDIVIDUALLY, AND**
**AS EXECUTRIX OF THE ESTATE**
**OF GEORGE BARTMESS, DECEASED**                              **DEFENDANTS**

## DECREE OF FORECLOSURE
## AGAINST NORTHSTAR FARMS, LLC

On this date the above-styled matter comes on for consideration by the Court and Plaintiff First National Bank of Izard County (FNBIC) is present by its attorney, Robert D. Stroud; Defendant and Third Party Plaintiff Gibsland Bank & Trust Co. a/k/a Gibsland Bank & Trust, N.A. (Gibsland) is present by its attorney, David A. Grace; Defendant Northstar Farms, LLC, appears not. The Court being well and sufficiently advised in the law and the facts and after review of all pleadings and consideration of applicable law, concludes and finds:

       1. This Court has jurisdiction of the parties to and subject matter of this action.

2. On September 26, 2016, an Order (Docket Entry #78) was entered granting Plaintiff FNBIC's motion for partial summary judgment against Northstar finding there are no genuine issues of material fact and that Plaintiff FNBIC is entitled to judgment as a matter of law.

3. On or about August 7, 2009, Defendant Northstar Farms, LLC, executed and delivered to Plaintiff FNBIC its promissory note and security agreement in the original principal amount of $320,230.65, payable with interest at the rate of 6.500% per annum, on demand, but if no demand is made on February 7, 2010, when the entire unpaid principal and interest would be due and payable.

4. As security for the payment of the promissory note, Defendant Northstar Farms, LLC, executed and delivered to Plaintiff FNBIC its mortgage on the following described real property situated in Izard County, Arkansas:

> **All that part of the Southeast Quarter Northwest Quarter lying South of State Highway 56 in Section 10, Township 17 North, Range 10 West of the 5th P.M. of Izard County.**
>
> **All that part of the Southwest Quarter Northeast Quarter lying South of State Highway 56 in Section 10, Township 17 North, Range 10 West of the 5th P.M. of Izard County.**
>
> **Part of the Southeast Quarter Southwest Quarter lying East of an existing fence and part of the West Half of the Southeast Quarter lying East of an existing fence described as follows: Beginning at the Southwest corner of the Southeast Quarter Southeast Quarter; thence North 86 degrees 26 minutes 51 seconds West, 1075.96 feet to a point; thence North 37 degrees 39 minutes 07 seconds West, 833.75 feet to a point; thence North 49 degrees 10 minutes 10 seconds West, 1572.02 feet to a point; thence**

> **North 41 degrees 43 minutes 32 seconds West, 1263.74 feet in Section 10, Township 17 North, Range 10 West of the 5th P.M. of Izard County.**
>
> **Part of the Southeast Quarter Northeast Quarter lying South of State Highway 56 in Section 10, Township 17 North, Range 10 West of the 5th P.M. of Izard County.**
>
> **All the Northeast Quarter Southeast Quarter in Section 10, Township 17 North, Range 10 West of the 5th P.M. of Izard County.**
>
> **All the Southeast Quarter Southeast Quarter in Section 10, Township 17 North, Range 10 West of the 5th P.M. Izard County.**
>
> **The North Half Northeast Quarter Northeast Quarter of Section 15, Township 17 North, Range 10 West of the 5th P.M. of Izard County (the "Real Property").**

said mortgage having been recorded in Book 32 at Page 553 of the Izard County records.

5. From time to time, Plaintiff FNBIC and Defendant Northstar Farms, LLC, entered into Loan Extension Agreements concerning the promissory note.

6. From time to time, Plaintiff FNBIC and Defendant Northstar Farms, LLC, also entered into Modifications of Mortgage concerning the promissory note.

7. Defendant Northstar Farms, LLC, has failed and refused to make payments in accordance with the terms of the promissory note, and is wholly in default. Plaintiff FNBIC is entitled to *in rem* judgment from and against the Real Property of Northstar Farms, LLC, in the amount of $358,604.93, plus interest accruing daily after September 27, 2016, of $64.04 per day, plus its costs and an attorney's fee of $35,860.00.

8. Although Defendants Celtic Bank and Helen Bartmess claim an

interest in other property mortgaged to FNBIC, only FNBIC and Third Party Plaintiff Gibsland claims any interest in the Real Property.

9. Gibsland's Third-Party Complaint (Doc. 102) was filed herein on February 16, 2017 ("Third-Party Complaint").

10. As evidenced by a Proof of Service on file with this Court (Doc. 108), a Summons on a Third-Party Complaint, a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, an Amended Answer to Amended Complaint, Counterclaim, Cross-Claim and Third-Party Complaint of Gibsland, an Answer to Amended Complaint, Counterclaim and Cross-Claim of Gibsland (Docket Entry #101), a Notice of Lis Pendens (Docket Entry #100) and an Amended Complaint of Plaintiff FNBIC (Docket Entry #96) were served on Third-Party Defendant, Northstar Farms, LLC ("Northstar"), on March 8, 2017.

11. Northstar has failed to answer or otherwise respond to the Third-Party Complaint of Gibsland within the time allowed by law and is in default. A Clerk's Default (Docket Entry #112) was entered herein on April 10, 2017, and a Default Judgment in favor of Gibsland was entered May 31, 2017 (Docket Entry #114).

12. All allegations in the Third-Party Complaint pertinent to claims against Northstar are deemed true for purposes of this litigation and Northstar's default establishes, as a matter of law, that:

    (a) The real property against which Gibsland seeks to enforce its Mortgage, as hereinafter set forth, is situated in Izard

County, Arkansas, and is also the Real Property described in the paragraph 4 filed herein.

(b) This Court has jurisdiction over the subject matter of, and parties to, this action, and venue is proper.

(c) On or about August 9, 2013, for value received, Coil Tubing Intervention Services, LLC executed and delivered to Gibsland a Promissory Note in the principal amount of $1,200,000.00 ("Promissory Note").

(d) To secure repayment of the Promissory Note, Northstar, an affiliate of Coil Tubing Intervention Services, LLC, for value received, executed and delivered to Gibsland a Mortgage and Security Agreement dated August 9, 2013 ("Mortgage") on the following described real property:

**All that part of the SE ¼ NW ¼ lying south of State Highway 56 in Section 10, Township 17 North, Range 10 West containing 14.76 acres more or less.**

**All that part of the SW ¼ NE ¼ lying south of State Highway 56 in Section 10, Township 17, Range 10 West containing 13.53 acres more or less.**

**Part of the SE ¼ SW ¼ lying east of an existing fence and part of the West Half of this SE ¼ lying east of an existing fence described as follows: Beginning at the Southwest corner of the SE ¼ SE ¼ thence North 86 degrees 26 minutes 51 seconds West, 1075.96 feet to a point; thence North 37 degrees 39 minutes 07 seconds West, 833.75 feet**

**to a point; thence North 49 degrees 10 minutes 10 seconds West, 1572.02 feet to a point; thence North 41 degrees 43 minutes 32 seconds West, 1263.74 feet in Section 10, Township 17 North, Range 10 West containing 62.90 acres more or less.**

**Part of the SE ¼ NE ¼ lying south of State Highway 56 in Section 10, Township 17 North, Range 10 West containing 8.63 acres more or less.**

**All of the NE ¼ SE ¼ in Section 10, Township 17 North, Range 10 West containing 39.48 acres more or less.**

**All the SE ¼ SE ¼ in Section 10, Township 17 North, Range 10 West containing 39.44 acres more or less.**

**The North ½ NE ¼ NE ¼ of Section 15, Township 17 North, Range 10 West containing 19.60 acres more or less.**

**All lands located in Izard County, Arkansas. The above being in the aggregate of 198.4 acres more or less**

**(the "Real Property").**

The Mortgage was recorded in the Office of the Izard County Clerk on September 3, 2013 at Book 115, Page 187. The Real Property is the same land as that mortgaged to FNBIC, as set out in paragraph 4.

    (e)    Coil Tubing Intervention Services, LLC has failed to repay the indebtedness evidenced by the Promissory Note when such indebtedness became due and is in default. There is due and owing by Coil Tubing Intervention Services, LLC to Gibsland pursuant to the terms of the Promissory Note a principal debt in the amount of $1,198,396.90, plus accrued interest in the amount of $145,252.59

(which represents accrued interest due through January 25, 2017), with interest continuing to accrue thereon at the rate of $180.580354794 per day and late fees in the amount of $3,758.15, all of which amounts are secured by the Real Property and for which Gibsland is entitled to judgment *in rem* against the Real Property of Northstar.

 (f) Gibsland's right of foreclosure of the Mortgage and its right to possession and sale of the Real Property has become absolute.

 (g) Gibsland is entitled to recover a reasonable attorney's fee, not to exceed 10% of the amount of principal indebtedness plus accrued interest, in accordance with applicable law and the terms of the Promissory Note.

 (h) All conditions precedent to the enforcement of Gibsland's claim against Northstar have been satisfied.

13. The lien of the mortgage to FNBIC on the Real Property is prior and paramount to the lien of the mortgage of the Real Property to Gibsland. The lien of the mortgage of Gibsland is superior to all other equities of all other parties hereto.

NOW, THEREFORE, IT IS HEREBY CONSIDERED, ORDERED and ADJUDGED Plaintiff First National Bank of Izard County have *in rem* judgment from and against the property of Northstar Farms, LLC, in the amount of $376,023.81, plus

interest accruing daily after June 26, 2017, at the rate of $64.04 per day, and for its costs, plus an attorney's fee in the amount of $35,860.00 and Third-Party Plaintiff, Gibsland Bank & Trust Co. a/k/a Gibsland Bank & Trust, N.A., have *in rem* judgment from and against the property of Northstar Farms, LLC, in the amount of $1,363,659.87, together with interest continuing to accrue at the rate of $180.580354794 per diem after April 25, 2017 until paid, its court costs in the amount of $90.00, its reasonable attorney's fees and costs in the amount of $3,000.00; that Plaintiff First National Bank of Izard County's lien be declared to be a first, valid and paramount lien on the real property described herein; that if said judgments be not paid within a reasonable time, that the real property described herein be sold at public auction at the front door of the Izard County Courthouse, Melbourne, Arkansas, after publication of the notice of sale in a newspaper having a general circulation in Izard County, Arkansas, once weekly for four consecutive weeks; U. S. Marshal Clifton Massanelli is directed to make said sale; that the proceeds of the sale shall be first applied to the cost of this action, including a reasonable Marshal's fee, next applied toward the satisfaction of the judgment of First National Bank of Izard County, and the balance, if any, applied to the judgment of Third-Party Plaintiff, Gibsland Bank & Trust Co. a/k/a Gibsland Bank & Trust, N.A., and the balance, if any, held pursuant to other orders of the Court.

_____
BETH DEERE
United States Magistrate Judge

DATE: August 8, 2017

APPROVED AS TO FORM:


/s/ Robert D. Stroud
Robert D. Stroud, Attorney for First
     National Bank of Izard County


/s/ David A. Grace
David A. Grace, Attorney for Gibsland
Bank & Trust Co. a/k/a Gibsland Bank
& Trust, N.A.